**WEN HE ZENG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–1094–ag.

United States Court of Appeals, Second Circuit.

Feb. 29, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Charles Christophe, New York, NY, for petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Carl H. McIntyre, Jr., Assistant Director; Susan Houser, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Wen He Zeng, a citizen of the People's Republic of China, seeks review of a February 23, 2007 order of the BIA affirming the March 5, 2003 decision of Immigration Judge ("IJ") Roxanne Hlady-lowycz denying Zeng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen He Zeng*, No. A 79 433 058 (B.I.A. Feb. 23, 2007), *aff'g* No. 79 433 058 (Immig. Ct. N.Y. City, Mar. 5, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Yi Long Yang v. Gonzales*, 478 F.3d 133, 141 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

We find that the agency's adverse credibility determination was supported by substantial evidence where it was based upon the following findings: (1) Zeng's testimony, written statement, supporting evidence, and credible fear interview were inconsistent regarding the harm his wife suffered when she was kicked by a government official and the incident in which he allegedly threw a chair at a government official; (2) although he stated during his testimony, airport interview, and in his written statement that he was traditionally married, he stated at his credible fear interview that he was single; (3) it was implausible that Zeng's father was able to obtain a notarial birth certificate for him even though Zeng was wanted for arrest;

and (4) his failure to provide evidence corroborating his claims that he was married, impregnated his wife, and went into hiding rendered him unable to rehabilitate testimony that had already been cast in doubt. These findings are plainly central to Zeng's claims for relief, where they call into question his assertions that he is married and impregnated his wife, and that Chinese officials want to arrest him for interfering with their imposition of coercive population control methods. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003). Moreover, although Zeng was given the opportunity to explain these inconsistencies and implausibilities, the IJ reasonably rejected his explanations. *Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

On the other hand, the IJ erred by basing her adverse credibility determination on misstatements of the record. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (providing that this Court will not uphold findings based on "misstatement[s] of the facts in the record"). Notably, the IJ found that Zeng initially testified that the government officials came to his house on October 1, but later testified that they came on October 2. A review of the record reveals that Zeng testified consistently that this visit occurred on October 2. Further, the IJ erred by basing her adverse credibility determination on her finding that Zeng was not particularly forthcoming about his whereabouts during the time he claimed to be in hiding, because she did not ask him to provide additional details. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir.2005) (holding that the record

did not support the agency's adverse credibility finding in the absence of additional probing). Finally, the IJ's finding that it was implausible that Zeng and his wife failed to "protect that pregnancy" was impermissibly speculative. *See Yuanliang Liu v. U.S. Dep't of Justice*, 455 F.3d 106, 110–11 (2d Cir.2006) (holding that it was impermissibly speculative to find implausible a petitioner's testimony that his wife did not take greater precautions to keep her second pregnancy hidden from local authorities).

These errors notwithstanding, remand would be futile because, based on the properly-made findings outlined above, we can "confidently predict" that the IJ would reach the same decision on remand. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir.2006). The IJ's adverse credibility determination was amply supported by her findings of inconsistencies, omissions, and implausibilities that were material to Zeng's claims, and his failure to rehabilitate his testimony with corroborating evidence. *Id.* Accordingly, the IJ properly found that Zeng failed to meet the burden of proof required for asylum, withholding of removal, and relief under the CAT, where each of his claims was based upon the same factual predicate. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

Because the adverse credibility determination was supported by substantial evidence, we need not reach the issue of whether Zeng established eligibility for relief based on his "other resistance" to China's family planning policy.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is

DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).